DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEXIS CABRERA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-81

[August 11, 2021]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch V, Judge; L.T. Case No. 13-015327 CF10A.

Sean T. Marcus and Brian Carroll of The Law Offices of Sean Marcus, PLLC, Hialeah, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

Alexis Cabrera ("appellant") appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion, filed after appellant entered into a negotiated plea to second-degree murder as a lesser-included offense of first-degree murder. We accept the state's concession and reverse and remand.

Appellant raised two claims in his 3.850 motion, contending counsel was ineffective for (1) advising appellant that his DNA was found on several items of evidence recovered from the crime scene when no written report supported that advice, and (2) failing to investigate another possible shooter. The trial court denied the motion, accepting the state's position that the record refuted the claims.

The trial court rejected the first claim, because the state had furnished the trial court with a DNA testing report. However, the report post-dates

appellant's motion and was not part of the record at the time of appellant's plea. *See Surinach v. State*, 111 So. 3d 186 (Fla. 4th DCA 2013) (reversing denial of rule 3.850 motion where state admitted the postconviction court relied on documents which were not part of the court's files or records until the documents were attached to the state's response to the motion). The trial court also rejected the second claim, looking in part to those DNA testing results.

Consequently, we accept the state's concession that an evidentiary hearing is necessary to address appellant's claims. *Jackson v. State*, 287 So. 3d 635, 636 (Fla. 4th DCA 2020) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).

*Reversed and remanded.*

WARNER, CIKLIN and ARTAU, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**

2